# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ISHANTA SHOALS, )
 )
 Plaintiff, )
 )
v. ) No. CIV-10-166-FHS
 )
CITY OF BROKEN BOW, OKLAHOMA, )
 )
 Defendant. )

## OPINION AND ORDER

Before the Court for its consideration is the Motion for Summary Judgment (Doc. No. 42) filed by Defendant, City of Broken Bow, Oklahoma ("Broken Bow"), on the employment discrimination claims brought against it by Plaintiff, Ishanta Shoals ("Shoals"), a former Broken Bow police officer whose employment was involuntarily terminated on September 29, 2009. Shoals has asserted nine claims against Broken Bow: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), in connection with her termination (Count I); (2) a claim under 42 U.S.C. § 1981 for denial of her right to make and enforce contracts on the same basis as persons of other races by terminating her employment (Count II); (3) a Title VII claim for gender discrimination in connection with her termination (Count III); (4) a Title VII claim for unlawful retaliation for reporting perceived race and/or gender discrimination in connection with her termination (Count IV); (5) a Title VII claim for a racially and/or sexually hostile work environment (Count V); (6) a Title VII claim for race discrimination in connection with Broken Bow's refusal to hire her to an open position after her termination (Count VI); (7) a claim under 42 U.S.C. § 1981 for denial of her right to make and enforce

1

contracts on the same basis as persons of other races by refusing to hire her subsequent to termination (Count VII); (8) a Title VII claim for gender discrimination in connection with Broken Bow's refusal to hire her to an open position subsequent to her termination (Count VIII); and (9) a Title VII claim for unlawful retaliation for filing a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC")in connection with Broken Bow's refusal to hire her to an open position subsequent to her termination (Count IX). The parties have fully briefed the issues raised by Broken Bow's motion. Having fully considered the parties' respective submissions, the Court finds that summary judgment is inappropriate as to Shoals' Title VII claims. Shoals' two claims brought under the authority of 42 U.S.C. § 1981 are, however, subject to dismissal.[1]

Initially, the Court finds that Shoals' claims under § 1981, as set forth in Counts II and VII, are subject to dismissal as 42 U.S.C. 1983 is the sole means for Shoals to pursue a § 1981 claim against a municipality such as Broken Bow. In <u>Bolden v. City of Topeka</u>, 441 F.3d 1129, 1134-37 (10th Cir. 2006), the Tenth Circuit Court of Appeals recognized the United States Supreme Court's decision in <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701 (1989), wherein it was held that § 1983 provides the exclusive damages remedy for the rights guaranteed by § 1981 for claims against state actors, such as municipalities. Under <u>Jett</u>, therefore, § 1981 claims are restricted by the same doctrines limiting § 1983 claims, including the doctrine of municipal liability requiring a showing that the alleged injury was the result of the "execution of a government's policy or custom,

---

[1] Shoals will be given the opportunity to amend her Amended Complaint (Doc. No. 21) to assert claims under 42 U.S.C. § 1983 to replace the dismissed claims under 42 U.S.C. § 1981.

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Bolden, 441 F.3d at 1135 (quoting Monell v. Department of Social Services City of New York, 436 U.S. 658, 694 (1978)). Under this doctrine, a municipality cannot be held liable on the basis of *respondeat superior*. Bolden, 441 F.3d at 1135. The Tenth Circuit further determined in Bolden that Jett was still good law even after the amendment to § 1981 in the Civil Rights Act of 1991. Id. at 1136. Thus, Shoals' § 1981 claims against Broken Bow are subject to dismissal as a review of her Amended Complaint (Doc. No. 21) fails to reveal any reference to § 1983 as the basis for such claims. The Court will, however, permit Shoals to amend her Amended Complaint to clarify that she is pursuing her § 1981 claims against Broken Bow solely through the remedies provided by § 1983. See id. (allowing leave to amend to assert § 1981 claim against municipality under § 1983). Shoals shall file any such amendment by September 7, 2011.[2]

Turning to the remaining claims, the Court notes that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's application of this standard requires that it "view the evidence and draw

---

[2] In deciding whether to file any such amendment, Shoals should consider the likelihood that an amendment of this sort would necessitate the reopening of discovery to delve into the § 1983 liability issues related to Broken Bow's customs, policies, and procedures or, at a minimum, that Broken Bow will request leave to reassert summary judgment as to the § 1983 claims. Any delay caused by granting additional time for discovery and/or motion practice has the distinct possibility of jeopardizing the existing November 14, 2011, trial date.

reasonable inferences therefrom in the light most favorable to the nonmoving party." Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 910th Cir. 1999). A genuine issue of a material fact exists and summary judgment is inappropriate "if a rational [trier of fact] could find in favor of the non-moving party based on the evidence presented." Chasteen v. UNISIA JECS Corp., 216 F.3d 1212, 1216 (10th Cir. 2000). After careful consideration of the record before it, the Court finds genuine issues of material fact exist regarding the motivation for the employment actions taken by Broken Bow in terminating Shoals' employment and in failing to hire Shoals subsequent to her termination. Based on the evidentiary recorded presented, a rational trier of fact could find in favor of Shoals on her claims of race and gender discrimination, and retaliation. As to Shoals' hostile work environment claim, the Court likewise finds Shoals has presented sufficient evidence to survive summary judgment. The evidence presented is such "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment," and that she "was targeted for harassment because of her gender [and/or race]. . ." Sandoval v. City of Boulder, 388 F.3d 1312, 1326-27 (10th Cir. 2004)(citing Perry v. Federal Home Loan Bank of Topeka, 155 F.3d 1257, 1261 (10th Cir. 1998).[3] Consequently, summary judgment is inappropriate on those claims asserted by Shoals under Title VII in Counts I, III, IV, V, VI, VIII, and IX.

Based on the foregoing reasons, Broken Bow's Motion for

---

[3] Hostile work environment claims based on race and sex are reviewed under the same standard. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 n. 10 (2002).

4

Summary Judgment (Doc. No. 42) is granted as to Shoals' claims brought under the authority of 42 U.S.C. § 1981 as contained in Counts II and VII of the Amended Complaint.  Shoals is granted until September 7, 2011, to amend her Amended Complaint to assert such claims under 42 U.S.C. § 1983.  In all other respects, Broken Bow's Motion for Summary Judgment (Doc. No. 42) is denied.

It is so ordered this 29th day of August, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma